**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                *Plaintiff,*

v.

**JAZION BRADFIELD,**

                *Defendant.*

CAUSE NO. 3:24-CR-96-CWR-LGI

## ORDER

Defendant Jazion Bradfield moved to dismiss the indictment charging him with possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). Mr. Bradfield's motion, Docket No. 40, is denied.

Mr. Bradfield identifies two bases that he asserts require the dismissal of the indictment in this case. First, he asserts that "Section 922(o) violates the Second Amendment to the United States Constitution as applied to Mr. Bradfield." Docket No. 40 at 1. Although he terms this an "as applied" challenge, in effect he brings a facial challenge, asserting that Section 922(o) violates the Second Amendment on its face.[1]

In *Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016), the Fifth Circuit Court of Appeals considered the constitutionality of § 922(o)'s machine gun prohibition, primarily affirming its validity based on the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S.

---

[1] Mr. Bradfield argues that "Section 922(o) is unlawful as it operates as a categorical prohibition on passive possession detached from any historically recognized limitation", Docket No. 47 at 3, but "he never suggests that the statute is only unconstitutional as applied to his specific conduct." *Wilson*, 164 F.4th at 383 n. 7. Mr. Bradfield describes his alleged conduct as merely possessing the machinegun, but "machinegun possession is all the statute prohibits." *Id.* (collapsing Mr. Wilson's facial and as-applied constitutional challenges into a single facial challenge).

1

570, 635 (2008). Mr. Bradfield argues that the Supreme Court's later decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) effectively overrules the Fifth Circuit's decision in *Hollis*. However, since the *Bruen* decision, the Fifth Circuit has held that "*Hollis* remains binding precedent." *United States v. Wilson*, 164 F.4th 380, 383 (5th Cir. 2026) *reh'g denied* --- F.4th ----, 2026 WL 1190659 (Apr. 30, 2026). The Fifth Circuit's decision in *Wilson* forecloses Mr. Bradfield's challenge.

Next, Mr. Bradfield argues that Section 922(o) exceeds Congress's authority under the Commerce Clause and is therefore unconstitutional. The Fifth Circuit considered "whether Congress's enactment of 18 U.S.C. § 922(o), criminalizing the transfer or possession of a machinegun . . . exceeds the limit of its power under the Commerce Clause." *United States v. Knutson*, 113 F.3d 27, 27-28 (5th Cir. 1997). The Fifth Circuit found Section 922(o) constitutional under the Commerce Clause. *Id.* at 31. For now,[2] the Fifth Circuit's decision in *Knutson* forecloses Mr. Bradfield's challenge.

The Court has considered all arguments. Those not addressed would not have changed the outcome. Mr. Bradfield's motion to dismiss the indictment is denied.

**SO ORDERED**, this the 11th day of May 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] *See Wilson*, 164 F.4th at 394 ("In an appropriate case, I would be open to revisiting *Knutson* en banc.") (Willett, J. concurring).